### 18665. DANIEL v. THOMPSON.

WYATT, Presiding Justice. Mrs. Pattie Lynn Daniel Thompson filed her petition for rule nisi against William Wright Daniel, her former husband, contending that he had failed to comply with an alimony judgment. The judgment rendered on the hearing was adverse to him, and he excepts to that judgment. Held:

The alimony judgment in question, which was based upon a contract between the parties, in so far as is material here, provided that the husband pay to the wife as alimony $75 per month "for so long as the petitioner shall remain in life and shall remain unmarried," and $75 per month to each of two minor children. The contract and judgment based thereon further provided as follows: "At the time of the execution of this agreement the petitioner is residing with the children of the parties at 1190 Sheridan Road, N. E., Atlanta, Georgia, on property owned by the mother of the defendant. The provisions for alimony and support of petitioner and the children are agreed to in consideration of the continued right on the part of the petitioner and said children to occupy the said home. In the event that the petitioner should have such right to occupy the said home taken from her, it is agreed between the parties that the amount of alimony as set forth herein shall be revised and that an additional sum of seventy-five ($75.00) dollars to cover the cost of rental of a house by petitioner shall be added to the amount specified herein as support for petitioner and the said children, and that the said date of payment shall be the same as provided for the other payments scheduled herein." The judgment in the instant case required the husband to pay, in addition to the sums above specified as alimony, the sum of $50 per month to provide for the rental of a home or house for the two minor children, it appearing that the wife had remarried. No provision was made in this respect for her. The only complaint here is that the judge had no authority to make this provision for the payment of rent for a home for the children. The contract between the parties, which was made the judgment of the court in the alimony case expressly provides for this allowance "in the event the petitioner should have such right to occupy the said home taken from her," this quotation having reference to the home in

which they were living. The wife testified that the mother of the husband, the owner of the house, by telephone when she was present, told her attorney that she could not assure her and her children of the right to continue to occupy the house; that she was going to California and could not give the wife and children any assurance that they could continue to live in the house. The mother of the husband denied that this happened, and the attorney testified he had no recollection of the telephone conversation, but that it could have happened and simply slipped his memory. The judgment here under review required the payment of $50 per month to provide a home for the children from the time the wife and children moved from the house owned by the mother of the husband. We have so many times said that in cases of this kind, if there is any evidence to support the judgment, this court will not interfere, that a citation of authority is not necessary. The evidence was conflicting, but there was evidence to support the judgment. It follows, the judgment of the trial court must be sustained.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 14, 1954—DECIDED SEPTEMBER 13, 1954—
REHEARING DENIED OCTOBER 14, 1954.

*Alex McLennan,* for plaintiff in error.
*James C. Howard, Jr., Howard & Harmon,* contra.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*